IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN S. RZADCA, #35448-044, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:22-CV-573-B-BK |
| WARDEN, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Benjamin S. Rzadca's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be **DENIED**.

**I. BACKGROUND**

On January 13, 2008, Missouri state authorities arrested Rzadca for Sexual Misconduct or Attempt Involving a Child Under Fifteen and Invasion of Privacy of Multiple Individuals, case number 08SL-CR-00212, in the 21st Judicial Circuit Court of St. Louis County, Missouri. Doc. 9 at 4, 10 (Resp's App'x.). While those proceedings were pending, Rzadca was indicted in federal court for possession of child pornography. *United States v. Rzadca*, No. 4:08-CR-486 (E.D. Mo.). On August 19, 2008, the United States Marshals (USM) "borrowed" Rzadca from state authorities pursuant to a writ of habeas corpus *ad prosequendum* for appearance in the federal case. Doc. 9 at 4, 10.

On January 20, 2009, pled guilty to two counts of the federal indictment and was

sentenced to concurrent 262-month terms of imprisonment. Doc. 9 at 16-17. However, the judgment was silent about any future state sentence. Doc. 9, *passim*. Rzadca was returned the state custody after sentencing in the federal case, and a federal detainer was lodged against him. Doc. 9 at 5.

Shortly thereafter, Rzadca pled guilty to the pending state charges and was sentenced to four-year terms of imprisonment on each count, to be served concurrently with each other and the previously imposed federal sentence. Doc. 9 at 23-31. On September 13, 2010, Rzadca was paroled from his state custody and transferred to the custody of the U.S. Marshal to commence serving his federal sentence. Doc. 9 at 38.

Rzadca unsuccessfully petitioned the federal sentencing court to order that his federal and state sentences be served concurrently so that the time he spent in state custody could be credited toward his federal sentence. Doc. 9 at 48-52 (denying *Mot. for Judicial Recommendation for Concurrency of Federal and State Sentences due to Relevant Conduct*). Rzadca then sought prior credit for the state time served through the Bureau of Prisons (BOP) Administrative Remedy Program. Doc. 9 at 54-55. Consequently, the Designation and Sentence Computation Center (DSCC), contacted the federal sentencing court to obtain its position on granting a retroactive designation, but the court replied that "Mr. Rzadca's federal sentence is to be served consecutively to his state sentence." Doc. 9 at 57-58, 60. The BOP then denied Rzadca's request for retroactive designation, relying on the nature of the offense, Rzadca's criminal history, and the sentencing court's indication that the federal sentence was to be served consecutively to the state sentence. Doc. 9 at 76.

On March 9, 2022, after exhausting his administrative remedies, Rzadca filed the petition *sub judice*, challenging (1) the sentencing court's decision to run his federal and state sentences

consecutively, Doc. 3 at 5-6, and (2) the BOP's sentence computation and denial of a nunc-pro-tunc designation, Doc. 3 at 6. The government opposes § 2241 relief. Doc. 8. Rzadca has not filed a reply.

Upon review, the Court finds that Rzadca's claims challenging the sentencing court's decision that his federal and state sentences be served consecutively are not cognizable under § 2241, and that the BOP correctly computed his sentence.

**II. ANALYSIS**

**A. Decision to Run Sentence Consecutively not Cognizable under § 2241**

In his first three grounds, Rzadca challenges the federal sentencing court's decision to run his federal and state sentences consecutively. He contends that: (1) a consecutive sentence violates the terms of his plea agreement, and (2) the federal sentencing court abused its discretion under USSG § 5G1.3(c) because his state and federal charges stem from the same course of events and are relevant conduct. Doc. 3 at 5-6.

A motion under 28 U.S.C. § 2255 "provides the primary means of collaterally attacking a federal conviction or sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotations and citations omitted). A petition under 28 U.S.C. § 2241, on the other hand, "is the proper procedural vehicle in which to raise an attack on the manner in which a sentence is executed." *Padilla*, 416 F.3d at 426 (internal quotations and citations omitted).

Here, Rzadca's first three grounds essentially challenge the constitutional validity of his federal sentence. Thus, his claims are not cognizable under § 2241 and should be dismissed.

**B. Sentence Computation and Designation Claims have no Merit**

In his remaining ground, Rzadca broadly challenges the execution of his sentence and

requests that the BOP reconsider his nunc-pro-tunc designation request. Doc. 3 at 6. His claims are unavailing, however.

Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Under 18 U.S.C. § 3585(b), a federal prisoner is entitled to receive credit for time he has served in custody before his federal sentence, as long as that time has not previously been credited toward any other sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Leal v. Tombone,* 341 F.3d 427, 429 (5th Cir. 2003). Even so, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane,* 921 F.2d 476, 480 (3d Cir. 1990); *Rodriguez v. Pitzer,* 76 F. App'x 519, 520 (5th Cir. 2003)).[1]

Rzadca commenced his federal sentence on September 13, 2010, when he was paroled from his state sentence. *See Jones v. Joslin,* 635 F.3d 673, 675 (5th Cir. 2011). Because all time he spent in state custody was applied to his state sentence, he is not entitled to credit toward his federal sentence for time spent in state custody. Doc. 9 at 5, ¶ 13. *See Jones,* 635 F.3d at 675 (citing § 3585(b)).

Rzadca's argument that the BOP abused its discretion in denying his request to designate nunc pro tunc the state prison for the service of his federal sentence, Doc. 3 at 6, is unsupported. In accordance with BOP Program Statement 5160.05, the BOP contacted the federal sentencing

---

[1] BOP's designation decisions are reviewable under § 2241. *See United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014) (citing *Pierce*, 614 F.3d at 160).

court to request clarification, and that court explicitly stated that Rzadca's federal sentence "is to be served consecutively to his state court sentence." Doc. 3 at 6; Doc. 3 at 60. The BOP therefore did not abuse its wide discretion in declining Rzadca a nunc-pro-tunc designation. *See Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (affirming dismissal of nunc-pro-tunc designation claim because the federal sentencing court did not intend for the federal sentence to run concurrent to the state sentence); *cf. Pierce*, 614 F.3d at 160 ("The BOP retained discretion to do [a nunc-pro-tunc designation] because [the] original federal sentence did not preclude that sentence from running concurrently to a later-imposed state sentence.").

That notwithstanding, Rzadca argues that the state court judgment, imposed *after* his federal sentencing, directed that his state sentence should run concurrent with his federal sentence. Doc. 3 at 6. Although he correctly recognizes that such judgment is "non-binding on the Feds," Rzadca nevertheless contends that the BOP should give appropriate "weight to [the state] sentencing court's intention for concurrency with the federal sentence." Doc. 3 at 6. In support, Rzadca cites *Mangum v. Hallemback*, 824 F.3d 98 (4th Cir. 2016); however, it is neither binding nor persuasive authority. Doc. 3 at 10. In *Mangum*, the federal sentencing judge was silent about the court's intention and declined to respond to the BOP's request for clarification. The BOP as a result presumed that "the unelaborated federal sentence should be deemed to run consecutively to the later imposed state sentence." *Mangum*, 824 F.3d at 101-102.

Unlike *Mangum*, the federal sentencing court here responded to the BOP's request and clarified that Rzadca's federal sentence is to be served consecutively to the later-imposed state one. Further, the state court's judgment is not binding on the BOP. *See Leal*, 341 F.3d at 427-30 ("[T]he state court order for concurrent sentencing post-dated the federal conviction and sentence in this case" and thus "the U.S. Marshals Service was [not] required to comply with the state trial

court's order that [the petitioner] be taken to a federal prison to serve out his concurrent state sentence."); *Brown v. Morris*, 231 F. App'x 312, 313 (5th Cir. 2007) ("The state court's judgment that [the petitioner's] state sentence should run concurrently with his federal sentence is not binding on the BOP." (citing *Leal*, 341 F.3d at 427-30)).

### III. CONCLUSION

For all these reasons, Rzadca's habeas corpus petition under 28 U.S.C. § 2241 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).